# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARYBETH DAVIS, *pro se*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-1248-M |
| | ) |
| AMERICAN TAEKWONDO | ) |
| ASSOCIATION, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is plaintiff's Motion to Reconsider Order, filed June 25, 2015. On June 29, 2015, defendant responded. Based on the parties' submissions, the Court makes its determination.

I.     Background

On May 5, 2015, the Court entered a sealed order granting defendant's Motion for Sanctions and Dismissal with Brief in Support and entered judgment dismissing this case with prejudice. On May 19, 2015, defendant filed the following motions: (1) Motion for Attorney Fees with Brief in Support; (2) Motion to Unseal This Court's Order of May 5, 2015, with Brief in Support; and (3) Motion to Amend Agreed Protective Order and Declassify Certain "Confidential" Documents. On June 16, 2015, the Court granted defendant's motion to unseal the Court's May 5, 2015 Order ("Order granting defendant's motion to unseal") [docket no. 95] and motion for attorney fees ("Order granting defendant's motion for attorney fees") [docket no. 96] and denied defendant's motion to declassify "confidential" documents, pursuant to the Agreed Protective Order in this action. Plaintiff now moves the Court to: "Reconsider the Order

Allowing the Unsealing of Order with Brief in Support by the Defendants [sic]"[1] (Plf.'s Mot. to Recon. at 1) and the Order granting defendant motion for attorney fees.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

In her brief, plaintiff states:

> "The Plaintiff with respect to the court and not intending to make the judge angry does not ask the court to unseal the Order but to not allow the Brief in Support created by the Defendants to be made apart [sic] of the unsealing because of these reasons."

Plf.'s Mot. to Recon. at 1. The Court is unsure if plaintiff is asking the Court to reconsider its Order granting defendant's motion to unseal. However, if it is plaintiff's intention to have the Court reconsider its Order granting defendant's motion to unseal, the Court finds that plaintiff has failed to show any grounds warranting reconsideration of that Order. Therefore, the Court declines to reconsider its Order granting defendant's motion to unseal.

Further, plaintiff moves the Court to reconsider its Order granting defendant attorney fees. Plaintiff contends the Court has the authority to subtract defendant's attorney fees and costs

---

[1] In her brief, plaintiff asks the Court to not unseal the brief in support submitted by defendant. Plaintiff does not identify what brief in support she is referring to, but, from a review of plaintiff's motion, the Court assumes that plaintiff is referring to defendant's seal brief supporting its motion for sanction and dismissal. The Court will remind plaintiff that the Court denied defendant's Motion to Amend Agreed Protective Order and Declassify Certain "Confidential" Documents [docket no. 89] in its June 16, 2015 Order [docket no. 94]; therefore, defendant's brief in support, including the exhibits, remain under seal. As a result, any portion of plaintiff's motion to reconsider moving the Court to reconsider its decision to unseal defendant's brief in support of its motion for sanctions and dismissal is moot.

from the fees that plaintiff has paid defendant from 1998 to 2015.[2] Having carefully reviewed the parties' submissions, the Court finds that plaintiff has provided no grounds for the Court to reconsider its Order granting defendant's attorney fees.

Accordingly, for the reasons set forth above, the Court DENIES plaintiff's Motion to Reconsider [docket no. 97].

**IT IS SO ORDERED this 29th day of July, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff asserts that she has paid defendant approximately $400,000.00 over the past seventeen (17) years in membership fees and that the Court has the authority to subtract the $120,000.00 attorney fees and costs from her membership fees and the remaining balance of $280,000.00 should be refunded back to plaintiff. In turn, plaintiff asserts she will terminate all of her rights and territories at the time and will avoid future contact with defendant.

Plaintiff further contends that the Court has the authority to dismiss the Bill of Cost hearing currently scheduled for August 20, 2015. The Court advises plaintiff that the Court's Order granting defendant's motion for attorney fees did not address the costs associated with this litigation, only the reasonable attorney fee owed to defendant as the prevailing party, pursuant to the parties' license agreements, the breach of which was the subject of this litigation. Therefore, the Court will not address the costs associated with this litigation in this Order. Plaintiff will have her opportunity to be heard at the Bill of Cost hearing regarding the costs in this litigation.